## Miller v. Miller

*Russell L. Mervine,* for libellant.

DAVIS, P. J., October 26, 1945.—On February 21, 1944, libellant filed his petition alleging as grounds for divorce indignities to the person of libellant and also adultery committed with divers persons unknown to

libellant, and praying for a subpœna in divorce, which was issued on the same day and personally served on respondent, Florence S. Miller, by Victor H. Henning, deputy sheriff, on February 25, 1944. Pursuant to a petition of respondent, setting forth that she was a minor and praying for the appointment of a guardian in the said action, the court on March 6, 1944, appointed David Schmidt, father of said respondent, guardian. Said David Schmidt on March 9, 1944, accepted service of the aforesaid subpœna in divorce.

Respondent having become of full age on September 10, 1945, presented her petition to court praying that the court make an order that the record in the said case be amended and the name of the guardian be removed therefrom, in accordance with Pennsylvania Rules of Civil Procedure, Rule 2037, and an order in accordance with the prayer of petitioner was entered by the court.

On August 13, 1945, libellant filed his petition praying to amend his original petition or libel by adding thereto certain allegations charging the commission of adultery by respondent beginning in July 1944 and continuing at various dates until July 1945; and on the same day a rule was issued requiring respondent to show cause why the original libel should not be amended as set forth in the petition for amendment.

Service of the said rule to show cause was accepted on behalf of respondent on August 13, 1945, and an answer thereto was filed by respondent on September 10, 1945, opposing the amendment to said libel at this time and alleging, first, that an oral agreement had been entered into between libellant and respondent, sometime subsequent to the filing of the said libel, relating to the right of visitation by respondent with the child of said marriage, which agreement had not been fully complied with by libellant, and second, that an order of the court for the payment of counsel fees had not been complied with. No depositions were taken and the matter was submitted to the court on petition

and answer. Upon presentation of briefs, counsel for respondent stated that the order of the court for payment of counsel fees had been complied with and, therefore, the objection to the amendment to the libel upon that ground was abandoned.

The right of the court to allow the amendment of a libel in divorce has long been recognized by the courts: Brock v. Brock, 21 D. & C. 108. The Act of April 13, 1943, P. L. 46, sec. 1, 23 PS §25, provides:

"The court may allow any libel to be amended so as to include additional grounds or causes for divorce, including such as arose subsequent to the awarding of the subpœna. Notice of any such amendment shall be served on the respondent in such manner as the court may direct in its order allowing the amendment."

One question remains. Should the court in the exercise of its discretion stay the proceedings pending settlement of the dispute between the parties relating to visitation of the child by its mother?

The court has not infrequently denied libellant the right to proceed with his divorce action until an order of the court for the payment of counsel fees has been complied with: Ramsey v. Ramsey, 37 D. & C. 362. However, the facts in this case do not present an analogous situation. Libellant has not failed to comply with any order of the court in the case. The oral agreement entered into between libellant and respondent subsequent to the institution of the divorce action relating to visitation of a child of said parties by respondent is not before the court in this action. The exact terms of this agreement are not set out in the answer filed by respondent. The matter relating to the right of visitation and the manner in which the same should be conducted was privately agreed to between the parties without the approval or disapproval of the court. If the parties desire to have this matter judicially determined, it well may be accomplished through a habeas corpus proceeding or other action provided for under the statutes of the Commonwealth.

Therefore, it is the opinion of the court that the amendment should be allowed so that the whole case may be heard and disposed of at one time on its merits.

And now, October 26, 1945, this case having come to be heard on petition and answer, it is ordered and decreed that the rule to show cause why the libel filed in the above case should not be amended as prayed for be made absolute and that a copy of the petition to amend the libel filed August 13, 1945, together with copy of this order be served upon respondent in any manner allowed for service of a subpœna in divorce and that respondent shall file her answer, if she so desires, within 15 days after such service; and that notice to each corespondent named in the amendment to said libel shall be given in accordance with The Divorce Law of May 2, 1929, P. L. 1237, sec. 38, as amended.